IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOE HUNSINGER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 3:25-cv-1880-X-BT |
| | § | |
| VALOR INTELLIGENT | § | |
| PROCESSING, et al., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Defendant United States Fire Insurance Company ("USFIC") has filed a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6). *See* Mot. Dismiss (ECF No. 13). For the reasons stated, the District Judge should **GRANT** the Motion and **DISMISS** the Complaint unless Plaintiff amends his complaint within the time to file objections to this report and recommendation.

**Background**

Plaintiff Joe Hunsinger filed this action alleging that Defendant Valor Intelligent Processing ("Valor") used an "automatic telephone dialing system" to repeatedly call and text Plaintiff's cell phone in violation of the Telephone Consumer Protection Act (47 U.S.C. § 227), the Fair Debt Collections Practices Act (15 U.S.C. § 1692), the Texas Business and Commerce Code (Tex. Bus. & Com. Code § 305), and the Texas Finance Code (Tex. Fin. Code § 392). *See generally* Compl.

1

(ECF No. 3). But Plaintiff makes no allegations related to any misconduct by USFIC. *See id*. In fact, USFIC is only mentioned twice in Plaintiff's Complaint:

> 2.05 [USFIC] is the surety of the Defendant Valor. Defendant [USFIC] has a corporate address of 305 Madison Avenue, Morristown, New Jersey 07960 and they can be served at this address.
>
> ****
>
> 5.51 Defendant [USFIC] is the surety of Defendant Valor to conduct business in Texas as a third party debt collector. Defendant [USFIC] is named as a defendant for the benefit of Plaintiff for Defendant[] Valor['s] violation of the debt collection laws.

*See id*. 2, 5. As a result, USFIC moved to dismiss Plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6). *See* Mot. Dismiss (ECF No. 13). USFIC argues that Plaintiff fails to state a claim against it because Plaintiff's Complaint "contains no factual allegations that, if proved, would allow this court [to] draw the reasonable inference that Defendant USFIC is liable for any misconduct." *Id*. at 5.

Plaintiff responds that USFIC's status as Defendant Valor's surety requires that USFIC remain in this lawsuit. *See* Pl.'s Resp. 4–6 (ECF No. 14). At the same time, Plaintiff acknowledges that he does not have a "dispute" with USFIC. *See id*. at 4.

## Legal Standard

To survive a Rule 12(b)(6) motion, a plaintiff's complaint must contain sufficient factual matter to state a plausible claim for relief on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "To be plausible, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative

level.'" *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 210 (5th Cir. 2010) (quoting *Twombly*, 550 U.S. at 555).

This pleading standard does not require "detailed factual allegations," but it does demand more than an unadorned accusation devoid of factual support. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. If the facts do not permit the Court to infer more than the mere possibility of misconduct, the complaint has stopped short of showing that the plaintiff is plausibly entitled to relief. *Id.* at 678 (citing *Twombly*, 550 U.S. at 557).

When applying the plausibility standard, the Court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks and citations omitted). But a court may not look beyond the pleadings. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). Review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by

3

the complaint. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010)); *see also Inclusive Communities Project, Inc. v. Heartland Cmty. Ass'n, Inc.*, 399 F. Supp. 3d 657, 665 (N.D. Tex. 2019), *aff'd,* 824 F. App'x 210 (5th Cir. 2020) ("In ruling on [a Rule 12(b)(6)] motion, the court cannot look beyond the pleadings.") (citing *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999)).

Courts considering Rule 12(b)(6) motions generally hold *pro se* complaints to less stringent standards than formal pleadings drafted by lawyers. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (quoting *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981)). But "despite [the] general willingness to construe *pro se* filings liberally," courts "still require *pro se* parties to fundamentally abide by the rules that govern the federal courts." *E.E.O.C. v. Simbaki, Ltd.*, 767 F.3d 475, 484 (5th Cir. 2014), *as revised* (Sept. 18, 2014) (cleaned up). Thus, a *pro se* plaintiff is not excused from the requirements to "properly plead sufficient facts that, when liberally construed, state a plausible claim to relief[.]" *Id.* (citations omitted). The undersigned liberally construes Hunsinger's Complaint (ECF No. 3) with all possible deference due a *pro se* litigant. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*pro se* pleadings are "to be liberally construed," and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). But such liberal treatment does not require a court to "create causes of action where there are none." *Smith v. CVS*

*Caremark Corp.*, 2013 WL 2291886, at *8 (N.D. Tex. May 23, 2013). And *pro se* status does not provide an "impenetrable shield," "for one acting *pro se* has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

Even so, generally, a district court may not dismiss a *pro se* complaint for failure to state a claim under 12(b)(6) without giving the plaintiff a chance to amend. *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998).

### Analysis

Plaintiff argues against dismissal because USFIC is the surety for Defendant Valor. *See* Pl.'s Resp. 4–6 (ECF No. 14). Plaintiff asserts that if he "can prove Defendant Valor violated any of the statutes," and Defendant Valor "do[es] not or cannot pay, Defendant [USFIC] is on the hook and liable for the misconduct . . . as stated in the agreement [between USFIC and Valor] . . . on file with the Texas [Secretary of State]." *Id.* at 6. He further argues that he is "legally allowed to name and maintain an action against the surety of a third-party debt collector." *See id.* at 5 (citing Tex. Fin. Code § 392.102.)

But Plaintiff does not assert any cause of action against USFIC in his Complaint. *See* Compl. (ECF No. 3). In fact, USFIC is referenced only twice in the Complaint's 16 pages, at general allegations 2.05 and 5.51:

> 2.05 [USFIC] is the surety of the Defendant Valor. Defendant [USFIC] has a corporate address of 305 Madison Avenue, Morristown, New Jersey 07960 and they can be served at this address.

****

> 5.51 Defendant [USFIC] is the surety of Defendant Valor to conduct business in Texas as a third party debt collector. Defendant [USFIC] is named as a defendant for the benefit of Plaintiff for Defendant[] Valor['s] violation of the debt collection laws.

*See id.* at 2, 5. These allegations, standing alone, are insufficient to state a plausible claim for relief against USFIC—even when liberally construed. *See id.*; *see Twombly*, 550 U.S. at 570. The mere fact that USFIC is a surety for Defendant Valor does not permit the Court to infer any possibility of misconduct by USFIC. *See Iqbal*, 556 U.S. at 678–79.

Plaintiff is correct that Chapter 392 of the Texas Finance Code allows a person to maintain an action against a Texas debt collector and its surety. *See* Pl.'s Resp. 5 (ECF No. 14) (citing Tex. Fin. Code § 392.102).[1] And he purports to bring claims against Defendant Valor—allegedly a third-party debt collector—under Chapter 392 of the Texas Finance Code. *See* Compl. (ECF No. 3). USFIC does not dispute that it is the surety of Defendant Valor. *See* Mot. Dismiss (ECF No. 13).

But the Court will not "create causes of action where there are none." *Smith*, 2013 WL 2291886, at *8. And Plaintiff's arguments in his Response to the Motion to Dismiss (ECF No. 14) do not cure the deficiencies in the Complaint itself. *See Sheppard v. Cheeks*, 2020 WL 2301367 (W.D. La. Apr. 13, 2020), *rec. adopted*, 2020 WL 2248134 (W.D. La. May 7, 2020), *aff'd,* 2022 WL 964202 (5th Cir. Mar.

---

[1] Tex. Fin. Code § 392.102 provides: "[a] person who claims against a bond for a violation of this chapter may maintain an action against the third-party debt collector . . . and against the surety."

30, 2022) ("The law is well-settled that arguments in a brief are no substitute for properly plead allegations: 'it is axiomatic that a complaint cannot be amended by briefs in opposition to a motion to dismiss.'"); *See also In re Enron Corp. Sec., Derivative & ERISA Litig.*, 761 F. Supp. 2d 504, 566 (S.D. Tex. 2011). Because a Rule 12(b)(6) motion tasks the Court with "assess[ing] the legal sufficiency of the complaint," the Court will not consider allegations and argument that appear for the first time in Plaintiff's briefing. *See Servicios Azucareros de Venezuela, C.A. v. John Deere Thibodeaux, Inc.*, 702 F.3d 794, 804 (5th Cir. 2012); *see also* Fed. R. Civ. P. 12(b)(6).

That said, a *pro se* plaintiff should generally be granted leave to amend his complaint prior to dismissal. *See Brewster v. Dretke*, 587 F.3d 764, 767–68 (5th Cir. 2009). Thus, dismissal under 12(b)(6) is proper unless Plaintiff amends his Complaint to clarify the basis of his claims against USFIC. *See id.*

## Recommendation

For the reasons stated, the undersigned **RECOMMENDS** that the District Judge, **GRANT** USFIC's Motion to Dismiss (ECF No. 13) and **DISMISS** the Complaint unless Plaintiff amends and cures the pleading deficiencies within the time to file objections to this report and recommendation (explained below).

**SO RECOMMENDED**.

January 13, 2026.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).